IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANA BERMONTIZ-HERNÁNDEZ, Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | CIVIL NO.: 11-1963 (MEL) |

**OPINION AND ORDER**

On September 30, 2011, plaintiff Ana Bermontiz-Hernández ("plaintiff") filed a complaint against defendant Commissioner of Social Security ("defendant" or "Commissioner"), alleging that the final decision of the Commissioner was not based on substantial evidence. (D.E. 1). This court remanded the case for further proceedings on May 31, 2012. (D.E. 27). Pending before the court is plaintiff's motion requesting attorney's fees (D.E. 29), filed on March 23, 2013, pursuant to Section 204(a) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant has submitted a memorandum in partial opposition to this motion. (D.E. 30). For the reasons stated herein, plaintiff's motion requesting attorney's fees is granted in part and denied in part.

The EAJA provides that the fees awarded to a prevailing party against the United States must be reasonable. 28 U.S.C. § 2412(d)(2)(A). Once fees are deemed appropriate, the court shall "determine the number of hours actually spent, and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Rodríguez v. Puerto Rico, 764 F. Supp. 2d 338, 343 (D.P.R. 2011) (citing Grendel's Den, Inc. v. Larkin, 749

F.2d 945, 950 (1st Cir. 1984)).  Defendant does not object to plaintiff's right to recover the fees, but argues that the requested amount, $3,294.12, should be reduced by $181.36, because of unnecessary and non-compensable expenditures of time.  (D.E. 30).

Defendant first objects to plaintiff's billing 10 minutes for requesting medical evidence, stating that any medical record would be irrelevant since there was already a finding of disability, and even if it had been appropriate it is an administrative task that a paralegal or secretary could have performed.  (D.E. 30, at 2). While the government is correct in stating that there was already a finding of disability, it was only within an onset date of September 20, 2007.  (D.E. 27, at 1).  Therefore, it would be reasonable to obtain additional medical evidence to support plaintiff's contention that the alleged onset date was April 7, 2004.  Id.  Generally, "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them."  Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992).  Rather, "[t]he hours … should be compensated at a less extravagant rate."  Id.  Therefore, the fees for this entry will be prorated by one-half ($13.30 rather than $26.59).  See, e.g., Rodríguez-García v. Municipality of Caguas, 787 F. Supp. 2d 135, 144-45 (D.P.R. 2011); Guillemard-Ginorio v. Contreras, 603 F. Supp. 2d 301, 322 (D.P.R. 2009).

Defendant also contends that the 58 minutes billed for travel time to meet with a medical advisor on September 26, 2012, does not proceed.  Defendant argues that it was actually the medical advisor who made the personal visit to counsel's office, thus the doctor's travel time is not compensable as attorney fees under the EAJA.  The EAJA broadly allows for "reasonable expenses" which are "necessary for the preparation of the party's case" 28 U.S.C. § 2412(d)(2)(A), such as reasonable travel time.  "[T]he EAJA provides for … all expenses which are routinely billed to a client—such as telephone, reasonable travel, postage,

and computerized research expenses—as long as they are incurred in connection with the case before the Court." United States v. Cacho-Bonilla, 206 F. Supp. 2d 204, 210 (D.P.R. 2002); see also United States v. One Rural Lot, 770 F. Supp. 66, 71 (D.P.R. 1991); Ramos-Sánchez, Civ. No. 03-1454 (DRD/ADC), D.E. 21, at 4; Dubois v. U.S. Dept. of Agric., CIV.A. 95-50-B, 1998 WL 34007445 (D.N.H. July 17, 1998) (holding travel expenses to be covered by EAJA, unless they "are more akin to items included in firm [overhead]"). "The limitation on the amount and nature of such expenses is that they must be 'necessary to the preparation of the [prevailing] party's case.'" Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988), aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990). In the case at bar, however, it was the medical advisor, not the attorney, who traveled for the consultation. Although an expert witness's "reasonable expenses" are expressly covered by EAJA, 28 U.S.C. § 2412(d)(2)(A), a medical advisor is not technically the same as an expert witness, despite some overlap in their roles. Request for $154.77 in travel expenses is denied.

For the foregoing reasons, plaintiff's motion requesting attorney's fees (D.E. 29) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's proposed attorney's fees and costs are awarded to plaintiff with a reduction of $168.06, for a total of $3,126.06.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of April, 2013.

s/Marcos E. López
U.S. Magistrate Judge